UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

CHARLOTTE MINGEE,

Plaintiff,

vs.

CARNIVAL CORPORATION,

Defendant.

_______________________________/

**COMPLAINT**

COMES NOW the Plaintiff, CHARLOTTE MINGEE, and sues the Defendant, CARNIVAL CORPORATION, and alleges as follows:

1. That this is an action for damages in excess of Seventy Five Thousand ($75,000.00) Dollars.

2. That at all times material, the Plaintiff, CHARLOTTE MINGEE, was a resident of Yorktown, Virginia.

3. That at all times material, the Defendant, CARNIVAL CORPORATION, hereafter referred to as CARNIVAL, is a foreign corporation having a principal place of business, and doing business, in Miami-Dade County, Florida.

4. That at all times material, this Court has jurisdiction pursuant to 28 USC § 1333 and the General Maritime Law of the United States.

5. That at all times material, this Court has jurisdiction pursuant to 28 USC §1332.

6. That at all times material, the Defendant was the owner and/or operator of the cruise vessel BREEZE.

7. That on or about April 3, 2016 the Plaintiff boarded the Defendant's vessel in Miami, Florida for a cruise.

8. That on or about April 8, 2016 the Plaintiff was walking towards the elevators located in the Breeze Atrium on the Lido Deck of the Carnival BREEZE when she was caused to suddenly slip and fall on a floor that was wet and slippery, resulting in serious injuries as more fully hereafter described.

9. That at all times material the Defendant, CARNIVAL, owed a duty to the Plaintiff to use reasonable care under the circumstances for Plaintiff's safety.

10. That the Defendant breached the duty of care which it owed to the Plaintiff and was negligent in one or more of the following manner:

(a) failing to maintain the deck where Plaintiff's accident occurred in a reasonably safe condition so that it was allowed to become wet and slippery;

(b) failing to warn the Plaintiff about the dangerous and hazardous condition, about which it had superior knowledge to that of the Plaintiff; and

(c) that the Defendant knew, based on prior complaints and/or accidents, that the deck surface where Plaintiff's accident occurred was slippery and in an unreasonably dangerous condition, and the Defendant failed to take appropriate action to correct the condition prior to Plaintiff's accident.

11. That as a direct and proximate result of the negligence of the Defendant, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a known or unknown previously existing condition. The losses are either permanent or continuing in nature and the plaintiff will continue to suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment for damages against the Defendant, for costs of this action, for prejudgment interest, for trial by jury and any other relief deemed just and appropriate by this Honorable Court.

Dated: April 7, 2017

WAKS & BARNETT, P.A.
Attorneys for Plaintiff
9900 SW 107th Ave., #101
Miami, FL 33176
Tel: (305) 271-8282
Fax: (305) 595-9776

By: *s/Jennifer C. Thompson*
JENNIFER C. THOMPSON
FBN: 067251